PeaksoN, J.
1. Virginia Swepson is entitled to a sha/re of the simes. She was living in the “ county of Caswell.” The circumstance that Mebane, in whom the legal title vested, lived out of the county, does not affect the legacy. She is the *305 beneficial owner. Indeed, the will speaks of her share in the slaves. This removes all doubt.
2. The residue of “ the testator’s estate and effects,” means what is left after all liabilities are discharged and all the purposes of the testator are carried into effect. Consequently, the lots and houses in Yancyville must be sold, if, upon taking an account, it is found necessary to sell any property other than that directed to be sold.
The fund for equalising the distribution of the slaves, is the money arising from the sale of the land and property of a perishable nature, with this restriction, such land only as I have directed to be sold. There is, then, a further provision by which the children who get slaves are to contribute for equality of partition. This is a charge on the slaves as a dernier resort.
The fund for the payment of debts and pecuniary legacies, is the same with this addition, it also extends to the houses and lots in Yancyville, which are not specifically disposed of. This presents a questipn of “ marshalling.” There is a fund common to both, and a fund subject only to one charge. Upon a well-settled principle of equity, this separate fund must be applied in aid of the common fund; that is, the lots and houses must be applied to the payment of debts and pecuniary legacies, so that the common fund may, if possible, be made to cover both charges before the ultimate resort is made to the slaves for contribution.
3. The advice asked upon the construction of the will generally, is too vague and indefinite.
There will be a decree in pursuance of this opinion. The costs will be paid out of the estate.
Pkb CcbiaM, Decree accordingly.